IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kelly Bruton, | ) | C/A No. 0:21-726-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lee Correction Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Kelly Bruton, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment. (ECF No. 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 23.) Petitioner filed a response in opposition (ECF No. 28), and Respondent replied (ECF No. 29). Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion should be granted and the Petition be denied.

## BACKGROUND

On January 11, 2018, Petitioner was indicted in the Spartanburg County Court of General Sessions for attempted first-degree burglary, breaking into a motor vehicle, and petit larceny. Petitioner was represented by Monier Abusaft and James Cheek, Esquires, of the Seventh Circuit Public Defender's Office. Petitioner pled guilty as charged on August 7, 2018 to a negotiated sentence of no more than twenty years' imprisonment but no less than fifteen years' imprisonment. The circuit court sentenced Petitioner to concurrent terms of fifteen years' imprisonment for

attempted first-degree burglary, five years' imprisonment for breaking into a motor vehicle, and ten years' imprisonment for petit larceny. Petitioner did not appeal his convictions or sentences.

On January 14, 2019, Petitioner filed an application for post-conviction relief ("PCR") in the Spartanburg County Court of Common Pleas, raising numerous claims attacking his convictions and sentences. Petitioner was represented in the PCR matter by Rodney W. Richey, Esquire. Prior to the hearing on Petitioner's PCR application, Petitioner withdrew all of his claims except for his claim that trial counsel was ineffective for failing to investigate Petitioner's case. An evidentiary hearing on the application was held on July 15, 2019. On September 20, 2019, the PCR court issued an order dismissing the application, specifically finding trial counsel was not ineffective for failing to investigate Petitioner's case.

Petitioner appealed the dismissal of his PCR application by filing a Johnson[1] petition for a writ of certiorari via appellate counsel in the South Carolina Supreme Court. Petitioner filed a response to the Johnson petition, raising independent grounds for appellate relief, including that his guilty plea was made in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The case was transferred to the South Carolina Court of Appeals, which denied the petition.

## FEDERAL HABEAS ISSUES

Petitioner now files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which raises the following issues, verbatim:

**Ground One:**     Ineffective Assistance of Counsel Involuntary Guilty Plea

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967), to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

| | |
|---|---|
| **Supporting Facts:** | Counsel failed to investigate case, when counsel failed to challenge fact that no evidence exist to support burglary when there is no evidence of a breaking. When evidence alleges Petitioner was trying to open window and allowed Petitioner to plead guilty to charge that is not supported by evidence and guilty plea was involuntary. |
| **Ground Two:** | Apprendi Violation |
| **Supporting Facts:** | Counsel failed to ensure that Jury determine facts that would enhance crime from a non-violent to a violent offense. When the evidence also supports view that aggravating factors were not present to the jury as required. |

(Pet., ECF No. 1 at 5, 7.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 572

U.S. 415, 419 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 572 U.S. at 419-20 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the

holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

However, the deferential standard of review under § 2254(d) does not apply to Petitioner's Ground Two because it was not adjudicated on the merits by the state court. The court reviews this claim *de novo*. See Cone v. Bell, 556 U.S. 449, 472 (2009); Winston v. Kelly, 592 F.3d 535, 553-54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on the merits' in state court. When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo.").

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider

only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d at 447-48; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

D.   **Respondent's Motion for Summary Judgment**

   1.   **Ground One**

Respondent argues that Petitioner fails to show that the PCR court's decision as to Petitioner's ineffective assistance of counsel claim is contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. The court agrees.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state

court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Petitioner's petition. See Wilson v. Sellers, 138 S. Ct. 1188, 1194-97 (2018) (holding that a federal habeas court should "look through" the unexplained decision to the last related state court decision that provides a relevant rationale, and presume that the unexplained decision adopted the same reasoning, unless the State can rebut the presumption). Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

Here, Petitioner was charged with attempted first-degree burglary based on the State's allegation that on February 24, 2017, Petitioner attempted to enter the home of a Greer resident after breaking into the resident's car. The victim was originally awakened by someone knocking on her door late at night and then noticed that someone was in her backyard and attempting to open a window to the house's bathroom. The victim called the police who, upon arrival, found Petitioner hiding in the backyard. The police also found a package from the victim's car near the backyard entrance and determined that the screen to the bathroom window had been ripped off. Further, Petitioner's fingerprints were found on the victim's car and the bottom of the bathroom window, purportedly showing that Petitioner attempted to lift open the window. (App. at 12-13, ECF No. 21-1 at 14-15.)

At the PCR hearing, Petitioner testified that had plea counsel properly investigated his case, counsel would have discovered that the facts did not support an attempted burglary charge. (App.

at 60, ECF No. 21-1 at 62.) Petitioner testified that he knocked on the door of the house because he knew the residents and wanted to sell them "some stuff." (App. at 61, ECF No. 21-1 at 63.) He also testified that when the resident turned the light on and came to the door, he ran to the backyard to let the resident know that he "was out there." (Id.) Petitioner testified that he never tried to break into the house and that he never got inside the house. (App. at 62, ECF No. 21-1 at 64.) Petitioner testified that had plea counsel discovered these facts, he would not have been "sentenced for actually going in a house." (App. at 63, ECF No. 21-1 at 65.)

Plea counsel Abusaft testified that because Petitioner was charged with *attempted* burglary, the fact that Petitioner did not actually enter the home did not aid Petitioner's case. (App. at 73, ECF No. 21-1 at 75.) Abusaft testified that he explained to Petitioner what effect an attempted burglary versus a completed burglary would have on Petitioner's sentence. (App. at 74, ECF No. 21-1 at 76.) Abusaft testified that he believed his investigation—including touring the scene of the crime and attempting to contact the victim—was adequate and he uncovered all of the evidence that he could that was favorable to Petitioner. (App. at 73, ECF No. 21-1 at 75.)

The PCR court found that Petitioner failed to show that plea counsel was ineffective for failure to investigate Petitioner's case. Specifically, the PCR court found that because he was accused of *attempted* burglary, further investigation would not have changed Petitioner's circumstances. The PCR court noted that an ineffective assistance of counsel claim based on failure to investigate cannot be proved by "mere speculation" as to the result of that investigation. (App. at 99-100, ECF No. 21-1 at 101-02.)

The court concludes that the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. As the PCR court noted (see App. at 99, ECF No. 21-1 at 101), mere speculation about what counsel's

investigation may have uncovered is not sufficient to show that counsel's investigation was constitutionally deficient. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided). Petitioner testified that he never entered the house, but plea counsel was aware of that fact. (App. at 77, ECF No. 21-1 at 79.)  Petitioner appears to mistakenly believe that because he did not enter the house, plea counsel should have been able to negotiate a lighter charge or sentence, but whether Petitioner entered the house or not, Petitioner's fingerprint on the bathroom window supported his *attempted* burglary charge, and Petitioner does not point to any evidence that plea counsel could have discovered that would have undermined the State's evidence that Petitioner attempted to enter the home. See State v. Green, 753 S.E.2d 259, 261 (S.C. Ct. App. 2014) ("[A]ttempted first degree burglary is a lesser included offense of first degree burglary, without the completed act of entering the premises."). Further, Petitioner does not point to any evidence in the record showing that had counsel investigated further, he would have not pled guilty and would have insisted on going to trial.[2] See Burket, 208 F.3d at 189 (stating that a habeas petitioner challenging his guilty plea must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial). Consequently, the PCR court's decision that

---

[2] Instead, Petitioner testified that had plea counsel discovered other facts in a further investigation, Petitioner would not have been "sentenced for actually going in a house." (App. at 63, ECF No. 21-1 at 65.)  In other words, Petitioner merely claims that he would have received a better plea deal because he would not have been charged with attempted burglary, not that he would not have pled guilty.

Petitioner failed to show that further investigation would have changed the outcome the case is not contrary to clearly established federal law.

### 2.     Ground Two

Respondent argues that Petitioner fails to show that his guilty plea was made in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  The court agrees.

However, the court first notes that Petitioner did not make any argument concerning Apprendi to South Carolina courts until he raised the issue in his Johnson petition for a writ of certiorari in his PCR appeal.  Therefore, this claim was not preserved for review in Petitioner's PCR appeal.  See Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating an issue is not preserved for appellate review where it was neither raised to nor ruled on by the PCR court).  Consequently, the claim would be procedurally barred for federal habeas review because it was barred in by an independent state procedural rule.  See Lawrence, 517 F.3d at 714.

However, procedural bar is an affirmative defense that may be waived if not raised in the district court, and Respondent did not raise the defense here.  See Gray v. Netherland, 518 U.S. 152, 165-166 (1996); see also Jenkins v. Anderson, 447 U.S. 231, 234 (1980).  On the other hand, the court may, in its discretion, deny federal habeas relief on the basis that the petitioner's claim is procedurally barred, even if that defense was not preserved or presented properly by the state. Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999).  In deciding whether the court should exercise its discretion to notice a petitioner's procedural bar, courts should consider those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice.  Id. at 262 (citing Magourik v. Phillips, 144 F.3d 348 (5th Cir. 1998)). The court should also consider whether justice requires the petitioner be afforded a reasonable

opportunity to present briefing and argument opposing dismissal, and whether the state's failure to raise the defense of procedural bar was intentional or inadvertent. Id.

Here, the court finds that the interests of judicial economy and fairness to Petitioner support a determination of his claims on the merits despite the procedural bar. Because Respondent did not raise procedural bar as a defense in its return and motion for summary judgment, Petitioner has not yet had an opportunity to argue that he can show cause to excuse the procedural bar on this claim. See Esslinger v. Davis, 44 F.3d 1515, 1528 (11th Cir. 1995) ("[W]e think it fundamentally unfair for a court *sua sponte* to invoke a procedural default without giving the petitioner an opportunity to show cause for the default."). Also, the court finds that further briefing on this issue would be superfluous because, as discussed below, the claim is patently without merit. See Yeatts, 166 F.3d at 261 (providing that the lack of merit in the petitioner's underlying claim counsels against addressing the procedural bar issue). Accordingly, the court will address the merits of Petitioner's claim despite the procedural bar, applying a *de novo* standard of review because the claim was not ruled on by South Carolina courts. See Cone, 556 U.S. at 472.

In Apprendi, the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than a prior conviction, is an element of the offense and must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 530 U.S. at 490. Here, Petitioner pled guilty, and therefore, Petitioner waived any right to have a jury making findings as to the elements of his offense. See, e.g., United States v. Johnson, 28 F. App'x 312 (4th Cir. 2002) (stating that because the defendant waived his right to indictment and pled guilty, the principles of Apprendi were not applicable to his claim); United States v. Potts, No. 395CR1502VO02, 2001 WL 34610455, at *2 (W.D.N.C. Sept. 7, 2001) (stating Apprendi could not apply to the petitioner's claim because he pled guilty, waiving his right to submit any

issues to a jury), aff'd, 26 F. App'x 289 (4th Cir. 2002); Lopez v. United States, No. 2:00CV901, 2001 WL 34826227, at *2 (E.D. Va. May 29, 2001) (same).  Therefore, Petitioner's Apprendi claim is patently without merit.

## RECOMMENDATION

For the foregoing reasons, the court recommends Respondent's motion for summary judgment (ECF No. 22) be granted and the Petition be denied.

September 30, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).