IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Kelly Bruton, | ) | Civil Action No.: 0:21-cv-00726-JMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Lee Correction Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Kelly Bruton ("Petitioner"), proceeding pro se and *in forma pauperis*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel regarding his guilty plea and an *Apprendi* violation. (ECF No. 31 at 2-3; ECF No. 11 at 1.)

This matter is before the court on Respondent's Motion for Summary Judgment. (ECF No. 22.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On September 30, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Respondent's Motion for Summary Judgment and dismiss Petitioner's Petition. (ECF No. 31 at 1.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES WITH PREJUDICE** Petitioner's Petition.

## I.    BACKGROUND

Petitioner was indicted on three (3) counts in the Spartanburg County Court of General Sessions: attempted first degree burglary, breaking into a motor vehicle, and petit larceny. (ECF No. 31 at 1.) He pleaded guilty to all charges on August 7, 2018, and negotiated a sentence of no more than twenty (20) years' total imprisonment but no less than fifteen (15) years' imprisonment.

(*Id.*) Petitioner was sentenced to fifteen (15) years in prison for the attempted burglary, five (5) years in prison for breaking into a motor vehicle, and ten (10) years in prison for petit larceny, to be served concurrently. (*Id.* at 1-2.)

Petitioner filed an application for post-conviction relief ("PCR") on January 14, 2019, claiming ineffective assistance of counsel because his trial attorney failed to investigate his case. (*Id.* at 2.) The PCR court dismissed the application on September 20, 2019, and found that "trial counsel was not ineffective for failing to investigate [Petitioner's] case." (*Id.*) Petitioner's appeal, which was filed via a *Johnson*[1] petition, was denied by the South Carolina Court of Appeals. (*Id.*)

Petitioner then initiated the instant action in this court on March 9, 2021, by filing a form Petition for Writ of Habeas Corpus against Respondent which alleged "Ineffective Assistance of Counsel Involuntary Guilty Plea" and an *Apprendi*[2] Violation. (ECF No. 1 at 6, 8.) Later, on March 17, 2021, the Magistrate Judge ordered Petitioner to bring his case into proper form by paying the filing fee or moving to proceed without prepayment of the costs. (ECF No. 5 at 1.) Petitioner responded on March 23, 2021, by filing a Motion for Leave to Proceed *in forma pauperis* (ECF No. 7), which was granted by the court on April 12, 2021 (ECF No. 11).

Respondent filed a Motion for Summary Judgment on July 1, 2021 (ECF No. 22), followed by a Return and Memorandum of Law in Support of Motion for Summary Judgment also filed on

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors in *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.
[2] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

July 1 (ECF No. 21). Pursuant to the court's July 2, 2021 *Roseboro*[3] Order (ECF No. 23), on August 17, 2021, Petitioner filed his Response in Opposition to the Motion for Summary Judgment (ECF No. 28). Respondent replied on August 24, 2021 (ECF No. 29), and the Magistrate Judge issued the Report and Recommendation on September 30, 2021 (ECF No. 31).

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III.     ANALYSIS

In the Report, the Magistrate Judge referenced factors relevant to the court's consideration of a Motion for Summary Judgment. Summary judgment is only appropriate if the moving party "shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After considering Rule 56, the Magistrate Judge recommended

---

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and *Webb v. Garrison*, No. 77-1855 (4th Cir. July 6, 1997) (requiring courts to provide explanation of dismissal/summary judgment procedures in federal habeas corpus cases).

that the court grant Respondent's Motion for Summary Judgment because Petitioner failed to show the PCR court's decision on Petitioner's ineffective assistance of counsel claim was contrary to federal law or an unreasonable application of the facts and because Petitioner failed to show that his guilty plea was in violation of *Apprendi v. New Jersey*. (ECF No. 31 at 7, 12.)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 31 at 15.) However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 31), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 22), and **DISMISSES WITH PREJUDICE** Kelly Bruton's Petition (ECF No. 1) against Respondent Lee Correction Warden.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 3, 2021
Columbia, South Carolina

5